## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALFONSO J. VICENTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-CV-0318-CVE-TLW** |
| | ) | |
| **VOLKSWAGEN OF TULSA, L.L.C.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is defendant Volkswagen of Tulsa, L.L.C.'s motion to stay and to compel arbitration. Dkt. # 14. Defendant asks this Court to stay this case and to compel arbitration of plaintiff Alfonso J. Vicente's claims. Plaintiff argues that the arbitration agreement contains two provisions, namely a one-year limitation period and a cost-shifting provision, which render the entire agreement unenforceable. Dkt. # 15.

## I.

Plaintiff was employed by defendant as a used car sales manager from April 16 to June 6, 2011. Dkt. # 2, at 2-3. On April 11, 2011, plaintiff signed an "Arbitration Agreement." Dkt. # 14-1. The agreement provides that:

> In the event of any dispute between any employee(s) and VW Tulsa LLC which arises either directly or indirectly from Employee's employment with VW Tulsa LLC, such dispute shall be settled by arbitration in accordance with the rules for commercial arbitration of the American Arbitration Association (or a similar organization) in effect at the time such arbitration is initiated, and subject further to the provisions of any applicable Oklahoma arbitration law, incorporated herein by reference. I will submit any dispute- including but not limited to my termination – arising under or involving my employment with VW Tulsa LLC to binding arbitration within one (1) year from the date the dispute first arose. A list of arbitrators shall be presented to the Claimant and Respondent from which one will

be chosen using the applicable rules.  The hearing shall be conducted in the City of Tulsa, Oklahoma, unless both parties consent to a different location.  The decision of the arbitrator shall be final and binding upon all Parties.

The prevailing party shall be awarded all of the filing fees and related administrative costs.  Administrative and other costs of enforcing an arbitration award, including the costs of subpoenas, depositions, transcripts and the like, witness fees, payment of reasonable attorney's fees, and similar costs related to collecting an arbitrator's award, will be added to, and become a part of, the amount due pursuant to this Agreement.  Any questions involving contract interpretation shall use the laws of the state of Arkansas.  An arbitrator's decision may be entered in any jurisdiction in which the party has assets in order to collect any amounts due hereunder.

My signature on this document acknowledges that I understand the Arbitration Policy and agree to abide by its conditions.  I understand my employment is at-will and may be terminated at any time, with or without reason, by either VW Tulsa LLC or myself.  I further agree that, in accordance with VW Tulsa LLC's Arbitration Policy I agree that the arbitration shall be the exclusive forum for resolving all disputes arising out of or involving my employment with VW Tulsa LLC or the termination of that employment.

Plaintiff alleges that, during his employment, he was subject to a racially hostile work environment, and that the general sales manager subjected plaintiff to racial remarks, racial slurs, and other offensive remarks. Id. at 3.  Plaintiff further claims that, after he reported the harassment, he was subject to retaliatory conduct that ultimately resulted in his resignation, which plaintiff alleges constituted a constructive discharge.  Id. at 3-5.

Plaintiff filed a complaint alleging five claims: under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for disparate treatment based on race; failure to provide a non-hostile work environment; disparate impact; retaliation; and, pursuant to 42 U.S.C. § 1981, unfair discipline and constructive discharge. Dkt. # 2, at 5-7.

In defendant's motion to stay and to compel arbitration, defendant argues that plaintiff's claims all clearly fall within the arbitration agreement, and asks this Court to stay all proceedings and to compel arbitration.  Dkt. # 14.  Plaintiff argues that, because the agreement did not contain

a severability clause, two clauses in the arbitration agreement render the entire agreement unenforceable. Dkt. # 15. Specifically, plaintiff alleges that the one-year limitation period and "cost/fee-shifting provision" are unenforceable. Id. at 2. Plaintiff does not allege that his claims fall outside the scope of the agreement. Id. Defendant replied and stated that it

> waives any objection it may otherwise have based upon the one-year limitation period or any entitlement to prevailing party fees and costs under the Agreement. Defendant further represents and agrees that it will be solely responsible for the filing fees of the arbitration, any costs imposed by the arbitrator, and its own attorney's fees regardless of the outcome of the arbitration.

Dkt. # 16, at 2.

## II.

The Federal Arbitration Act (FAA) represents a strong public policy in favor of arbitration, and states that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2; Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758 (2010); Vaden v. Discover Bank, 129 S. Ct. 1262, 1271 (2009). The FAA "requires a district court to stay judicial proceedings where a written agreement provides for the arbitration of the dispute that is the subject of the litigation." Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1514 (10th Cir. 1995). Generally, arbitration agreements in employment contracts are enforceable. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 122-23 (2001). Agreements that require arbitration of statutory claims, including Title VII claims, are also generally enforceable. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991).

Plaintiff does not dispute that his claims are covered by the arbitration agreement. Instead, he asserts that the cost-shifting provision, as well as the one-year limitation period, render the

3

agreement unenforceable.  Further, plaintiff argues that, without a severability clause, the cost-shifting and one-year limitation provisions may be not severed from the contract.

As noted by plaintiff, in <u>Shankle v. B-G Maintenance Mgmt., Inc.</u>, 163 F.3d 1230, 1235 (10th Cir. 1999), the Tenth Circuit declined to enforce an arbitration agreement that required the plaintiff to pay several thousand dollars to arbitrate his Title VII, Americans with Disabilities Act, and Age Discrimination in Employment Act claims.  Thereafter, however, the Supreme Court, in <u>Green Tree Financial Corp.-Alabama v. Randolph</u>, 531 U.S. 79, 90-91 (2000), rejected the argument that the risk that a plaintiff would be required to pay high arbitration costs prevented her from asserting her statutory rights.  The Supreme Court found that the "'risk' that [plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement."  <u>Id.</u> at 91.  Further, invalidating an agreement based upon the possibility of high arbitration costs would "undermine the 'liberal federal policy favoring arbitration agreements.'"  <u>Id.</u> (quoting <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.</u>, 460 U.S. 1, 24 (1983)).  Although the Tenth Circuit has not addressed the issue since <u>Green Tree</u>, most circuits have recognized that "a Title VII plaintiff seeking to avoid his agreement to arbitrate . . . by arguing that prohibitive arbitration costs would undermine his statutory remedy has to *demonstrate* that he is *likely* to bear such costs."  <u>Musnick v. King Motor Co.</u>, 325 F.3d 1255, 1258 (11th Cir. 2003) (citation omitted) (emphasis in original).  Courts have found that the question of enforceability should be answered using a case-by-case approach.  <u>Id.</u> at 1259 (collecting cases).  At least three district courts in the Tenth Circuit have similarly found that a plaintiff attempting to avoid an arbitration agreement must demonstrate a likelihood of prohibitive costs that would undermine his or her statutory remedy.

4

Munoz v. Green Country Imports, LLC, 2012 WL 4736332, *2-3 (N.D. Okla. Oct. 3, 2012);[1] Smith v. AHS Oklahoma Heart, LLC, 2012 WL 3156877, *2-3 (N.D. Okla. Aug. 3, 2012); James v. Bobrick Washroom Equipment, Inc., 2010 WL 368727, *3 (E.D. Okla. Feb. 1, 2010).

## III.

Defendant has moved to stay the proceedings and to compel arbitration of plaintiff's Title VII and § 1981 claims.  Plaintiff's first argument is that the court should refuse to enforce the one-year limitation period in the arbitration agreement.  Because the one-year limitation period contravenes the limitation of Title VII, the one-year limitation significantly diminishes a party's rights under Title VII.  See 42 U.S.C. § 2000e-5(e)(1).  Defendant has agreed to waive the one-year

---

[1]   In Munoz, Munoz was employed by Green Country Imports, LLC (GCI) for approximately one and a half months.  2012 WL 4736332, at *1.  Munoz filed a complaint against GCI and Volkswagen Tulsa LLC (Volkswagen), asserting "claims of hostile work environment, race discrimination and retaliation."  Id.  Prior to Munoz beginning employment, Munoz and GCI executed an arbitration agreement that required "any dispute between any employee(s) and [GCI] which arises either directly or indirectly" from the employee's employment to be submitted to arbitration.  Id. (internal quotation marks omitted).  Further, the arbitration agreement included a one-year limitation provision requiring Munoz to settle any dispute with GCI within one year from the date the dispute arose.  Id.  The agreement also contained a cost-shifting provision, which provided that the prevailing party would be awarded all "fees and related administrative costs," including attorney fees.  Id.  GCI filed a motion to stay and to compel arbitration, wherein it affirmatively stated that it would bear arbitration costs and that it waived any right to enforce the one-year provision.  Id.  However, GCI stated that it would not waive its right to seek attorney fees, in the event it was the prevailing party.  Id.  The district court did not state whether the arbitration agreement included a severability clause.  Munoz submitted an affidavit attesting to his status as sole wage earner, his income, and the estimated arbitration costs and fees in his case.  Id. at *4 n.4.  The district court found that the one-year limitation provision was "clearly [ ] an impermissible restriction" of plaintiff's rights, but that GCI's waiver mooted the issue.  Id. at *4.  The district court further found that the "mandatory 'loser pays' attorney provision 'nullifies plaintiff's rights,'" and found that provision was unenforceable.  Id.  However, the district court held that, because the "primary purpose of this arbitration agreement is to provide a mechanism to resolve employment related disputes," the attorney fee provision was not an "essential part" of the contract, and could therefore be severed from the contract. Id. at *4-5.  The district court granted the motion to stay and to compel arbitration.

limitation period.  Dkt. # 16, at 2-3.  However, the Court finds that the one-year limitation period significantly diminishes plaintiff's statutory rights and is therefore unenforceable.

Second, plaintiff argues that the cost-shifting provision renders the arbitration agreement unenforceable.  Defendant has agreed to bear all costs associated with the arbitration, including "filing fees of the arbitration, any costs imposed by the arbitrator, and its own attorney's fees regardless of the outcome of the litigation." Id. at 2.  Unlike Munoz, wherein the defendant declined to waive its right to seek attorney fees in the event it was the prevailing party, defendant's waiver moots plaintiff's objection because the provision no longer "nullifies plaintiff's right . . . to bring a non-frivolous suit without risking paying his opponent's fees." Munoz, 2012 WL 4736332, at *4 (internal quotation marks omitted).  Further, plaintiff has not provided any evidence demonstrating the potential costs of arbitration or how such costs might contravene plaintiff's ability to vindicate his statutory rights.  Plaintiff has simply provided his conclusory statement that "the filing fees and costs involved with the initial request for arbitration are unreasonably expensive, so much so that Plaintiff herein would not be able to vindicate his statutory rights." Dkt. # 15, at 3.  Therefore, the Court finds that plaintiff has failed to demonstrate a likelihood of prohibitive costs that would undermine his statutory remedy such that the cost-shifting provision should be unenforceable.

Finally, plaintiff argues that, because the arbitration agreement does not contain a severability clause, the "illegal provisions" cannot be severed from the agreement, and the Court should find the entire arbitration agreement is unenforceable.  In both Smith and Munoz, district courts found that similar cost-shifting or fee-shifting provisions were unenforceable.  In both cases, the court found the provision was not an essential part of the contract and that, therefore, the

6

provision could be severed from the agreement. <u>Munoz</u>, 2012 WL 4736332, at *5; <u>Smith</u>, 2012 WL 3156877, at *4-5.

In this case, the agreement provides that Arkansas law should control in matters involving contract interpretation. Dkt. # 14-1. The Supreme Court of Arkansas has found that "where one provision in a contract, which does not constitute its main or essential feature or purpose, is void for illegality, or otherwise, but is clearly separable and severable from the other parts which were relied upon, the contract is not affected by the invalid provision, and can be enforced as though the invalid provision had not been incorporated into the contract." <u>Asbury Auto. Used Car Ctr. v. Brosh</u>, 314 S.W.3d 275, 278 (Ark. 2009) (internal quotation marks and citation omitted). The main or essential purpose of the arbitration agreement is to provide a mechanism to resolve "any dispute between any employee(s) and VW Tulsa LLC which arise[ ] either directly or indirectly from [ ] employment with VW Tulsa LLC." Dkt. # 14-1. Therefore, neither the one-year limitation provision nor the cost-shifting provision constitute the agreement's main or essential feature or purpose. The Court finds that, given the "liberal federal policy favoring arbitration agreements," <u>Green Tree</u>, 531 U.S. at 90-91, severance of the one-year limitation provision is appropriate.

**IT IS THEREFORE ORDERED** that defendant Volkswagen of Tulsa, L.L.C.'s motion to stay and to compel arbitration (Dkt. # 14) is **granted**. The parties are directed to submit plaintiff's claims to binding arbitration in accordance with the arbitration agreement.

**IT IS FURTHER ORDERED** that the case is hereby **stayed** and the Clerk shall administratively close this case, pending further order of this Court. The parties shall file an arbitration status report no later than **June 10, 2013**, or earlier if events warrant.

**DATED** this 10th day of December, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

7